UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP EUGENE SANDERS,<br>Plaintiff,<br>v.<br>STEPHANIE JOHNSTON, et al.,<br>Defendants. | Case No. 1:26-cv-03985-KES EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED<br><br>(ECF No. 6)<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff Phillip Eugene Sanders proceeds *pro se* and *in forma pauperis* in this civil (ECF Nos. 1, 5). Plaintiff filed his Complaint on May 26, 2026. (ECF No. 1). On June 1, 2026, the Court screened Plaintiff's complaint and found that Plaintiff had failed to state any cognizable claims. (ECF No. 4). The Court provided Plaintiff with leave to file an amended complaint, or to notify the Court that he wishes to stand on his complaint. (*Id.*).

Plaintiff filed a First Amended Complaint on June 30, 2026, which is now before the Court for screening. (ECF No. 6). Plaintiff's First Amended Complaint claims that a bail bond agent and a corporate surety entity failed to reconvey title to a deed of trust related to a bail bond in 2006. Based on that failure twenty years ago, Plaintiff now asserts eighteen counts against seven defendants, seemingly related to allocation of a family trust following the death of the family patriarch in 2017.

Upon review of the First Amended Complaint, the Court concludes that Plaintiff's first

amendment should be dismissed without further leave to amend.

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding in forma pauperis, the Court screens the complaint under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), which requires a court to dismiss a case that "is frivolous or malicious;" "fails to state a claim on which relief may be granted; or "seeks monetary relief against a defendant who is immune from such relief."

## II. BACKGROUND

### a. Plaintiff's Complaint and Screening Order

In his initial complaint, Plaintiff sued the following Defendants: Stephanie Johnston, Cristina Ramirez, Leonard Sanders, Michael J. Noland, American Contractors Indemnity Company, Fidelity National Title Company, and Does 1-100. (ECF No. 1 at 3-4).

The Court screened Plaintiff's complaint on June 1, 2026 and found that Plaintiff had failed to state any cognizable claims. (ECF No. 4). The Court provided Plaintiff with leave to file an amended complaint, or to notify the Court that he wishes to stand on his complaint. (*Id.*).

### b. Plaintiff's First Amended Complaint[1]

Plaintiff filed his first amended complaint on June 30, 2026. (ECF No. 6). In the complaint, Plaintiff asserts claims against the following Defendants: Stephanie Johnston, Cristina Ramirez, Leonard Sanders, Michael J. Noland, American Contractors Indemnity Company, Kahn, Soares and Conway, LLP, and Fidelity National Title Company. (*Id.* at 4).

Plaintiff's first amended complaint is eighteen pages in length and consists of a narrative of what Plaintiff alleges as a conspiracy, which began when a criminal bail bond supported by a deed of trust to his mother's property as collateral was issued. Plaintiff alleges this bond was satisfied at sentencing in 2006. However, Plaintiff alleges the deed was never reconveyed properly, but instead was fraudulently conveyed to Defendant Sanders (who appears to be related to Plaintiff), following the death of Plaintiff's mother. (ECF No. 1 at 1). Plaintiff alleges the following facts to support these claims:

---

[1] For readability, minor alterations, like correcting misspellings, have been made to some of Plaintiff's quotations without indicating each change.

> First Operational Scheme (The Almy Avenue Cloud): On or about October 25, 2004, Defendant Stephanie Johnston prepared and recorded a series of fraudulent bail bond deeds of trust against Plaintiffs property at 347 W. Almy Avenue, Fresno, California, displaying California Notary Commission Number 1571789, which was not issued until April 2005. The underlying criminal charges were dismissed and exonerated in 2006, creating an absolute statutory obligation for Defendants Johnston and American Contractors Indemnity Company to record a timely reconveyance. Their failure to reconvey maintained a permanent, void cloud on the title, directly inducing a refinance blockage in 2019 and a subsequent tax foreclosure auction.
>
> Second Operational Scheme (The American Avenue Diversion): Following the death of the family patriarch on December 8, 2017, the Sanders Family Trust became irrevocable. Defendant Leonard Sanders fabricated a backdated trust amendment to appoint himself sole trustee with full conveyance powers. In September 2019, Leonard Sanders retained Defendants Michael J. Nolan and Kahn, Soares & Conway, LLP, who designed the legal mechanics to enforce this invalid structure. On April 28, 2023, Leonard Sanders opened an escrow account with Defendant Fidelity National Title Company under escrow officer Defendant Cristina Ramirez to sell the asset for $795,000. Defendant Ramirez used interstate wires to solicit payoff terms from Defendant Johnston for the exonerated 2004 instruments, and Johnston responded with a fraudulent $48,642.62 demand. On May 25, 2023, Ramirez and Fidelity National Title wire-transferred $48,642.62 from the escrow account to Johnston, finalizing the conversion.

(*Id.* at 5-6).

Plaintiff seeks "unbundled independent claims for relief" in which he alleges standalone claims against each individual defendant. (*Id.* at 6-9). Each claim is followed by a single sentence stating in a conclusory manner that the defendant violated the relevant law or statute.

## III. ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

### a. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los*

*Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived her of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

"The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of her rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**b. Lack of Plain and Short Statement**

Plaintiff's amended complaint is subject to dismissal because it lacks a short and plain statement of the claims, as required by Rule 8 of the Federal Rules of Civil Procedure.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

> Additionally, a complaint should not be pled in a "shotgun" manner, which occurs when a party indiscriminately incorporates assertions from one count to another, for example, by incorporating all facts or defenses from all previous counts into each successive count ... prevent[ing] the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult.

5A *Wright & Miller's Federal Practice and Procedure* § 1326 (4th ed. 2024). The Ninth Circuit has recently explained that "district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson v. City of Portland* 165 F.4th 1265, 1289 (9th Cir. 2026).

With these standards in mind, Plaintiff's first amended complaint violates Rule 8. Plaintiff's amended complaint fails to provide a short and plain statement as to why he is entitled to relief against each defendant for each claim. Instead, Plaintiff's first amended complaint includes 18 separate claims for relief against seven defendants. Each claim is a single sentence description, which states in a conclusory manner that the defendant is liable for the claim, such as "Defendant Johnston directly conducted the affairs of the association-in-fact enterprise through a pattern of racketeering activity compromising separate acts of wire fraud."

(ECF No. 6 at 6). Statements such as this are merely a "[t]hreadbare recitals of the elements of a cause of action" and is "… supported by mere conclusory statements…" *Ashcroft* 556 U.S. at 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). These claims do not describe the underlying facts that give rise to each claim. Nor do they explain what each defendant did or failed to do that supports each claim.

The lack of a short and plain statement is particularly problematic because Plaintiff's amended complaint stems from events twenty years ago concerning a bail bond issued as collateral against a deed of trust. Specifically, Plaintiff alleges that "Defendant Stephanie Johnston prepared and recorded a series of fraudulent bail bonds of trust against Plaintiff's property[2] . . . . The underlying criminal charges were dismissed and exonerated in 2006, creating an absolute statutory obligation for Defendant Johnston and American Contractors Indemnity Company to record a timely reconveyance. The failure to reconvey maintained a permanent, void cloud on the title . . ." (ECF No. 6 at 5). Thus, Plaintiff's claims all appear to stem from an alleged violation of a statute in 2006 by a commercial bail bond agent and a bail bond issuance company.

Plaintiff's amended complaint certainly includes state law claims directly related to this issue. (ECF No. 6 at 3) (Supplemental jurisdiction over Plaintiff's California state law claims for Common Law Fraud (Cal. Civ. Code § 1709), Breach of Statutory Duty to Reconvey (Cal. Civ. Code § 2941), Quiet Title (Cal. CCP § 760.020), and Cancellation of Instruments (Cal. Civ. Code § 3412). But it also purports to include federal claims not directly related to this title dispute. Specifically, Plaintiff's first amended complaint states that federal court jurisdiction is based on the Racketeer Influenced and Corrupt Organizations Act (RICO) and Fair Debt Collection Practices Act (FDCPA). (ECF No. 6 at 3) ("The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arsines directly under

---

[2] While Plaintiff sets forth the deed of trust that was issued was for his property, in his amended complaint, he indicates the property belonged to his mother. (ECF No. 6 at 1).

the laws of the United States, specifically 18 U.S.C. §§ 1962 and 1964 (RICO), and 15 U.S.C. § 1692 (FDCPA).").

However, Plaintiff's complaint does not contain a short and plain statement entitling him to relief as to these federal claims. Specifically, to state a civil claim under RICO, Plaintiff must demonstrate five elements: (1) the existence of an enterprise affecting Interstate Commerce, (2) that Defendants were associated with or employed by the enterprise, (3) that Defendants participated in the conduct of the affairs of the enterprise; (4) that Defendants participated in a pattern of racketeering which included at least two predicate acts; and (5) that Plaintiff incurred actual injury to business or property. *See Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 (1985); *Odom v. Microsoft Corp.,* 486 F.3d 541, 547 (9th Cir. 2007). And "To establish a claim under the FDCPA, a plaintiff must show: (1) she is a consumer within the meaning of 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a–1692*o* ." *Laugenour v. Northland Group Inc.,* No. 2:12–cv–02995 GEB DAD PS, 2013 WL 3745727, at *2 (E.D.Cal. July 15, 2013) (citing *Moriarity v. Nationstar Mortg., LLC,* No. 1:13–cv–0855 AWI SMS, 2013 WL 3354448, at *4 (E.D.Cal. July 3, 2013)). For these claims, Plaintiff's asserts in a conclusory fashion that the elements are met, such as stating defendants "conducted the affairs of the association-in-fact enterprise through a pattern of racketeering activity comprising separate acts of wire fraud." (ECF No. 6 at 6). But Plaintiff does not set forth in a short and plain manner the facts underlying each element of the claim. The Court cannot determine what specific facts support each element of each of the eighteen claims and thus cannot determine if Plaintiff is entitled to relief on these federal claims.

Because Plaintiff's first amended complaint fails to set forth a short and plain statement entitling Plaintiff to relief in compliance with Federal Rule of Civil Procedure 8(a), especially regarding Plaintiff's purported federal claims, Plaintiff's first amended complaint is subject to

dismissal.

## IV. CONCLUSION AND ORDER

For these reasons, the Court recommends that the First Amended Complaint be dismissed for failure comply with Federal Rule of Civil Procedure 8. Moreover, because the Court previously screened Plaintiff's original complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint, it appears that further leave to amend would be futile.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's first amended complaint (ECF No. 6) be dismissed without prejudice for failure to comply with F.R.C.P. 8, without further leave to amend;
2. Plaintiff's motion for thirty day of extension of time to respond to screening order leave to amend (ECF No. 5) be denied as moot; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 23, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE